HAYNES, Circuit Judge, dissenting:'
Rather than vacate the order authorizing this appeal, I would reach the issue presented. I agree that a merits panel is not bound by' the decision of a motions panel. However, the only circumstance that has changed since the motions panel decision is that the amount in controversy is lower. This change does not bear on the authorization analysis, namely whether this appeal involves a question of law as to which there is no controlling authority in the Fifth Circuit. See 28 U.S.C. § 158(d)(2)(A)®. Moreover, at this juncture, we have devoted a considerable amount of time to the issue presented on appeal. The parties have submitted their briefing, and the case has been orally argued. Castellanos-Contreras v. Decatur Hotels, LLC, 622 F.3d 393, 399 (5th Cir. 2010) (en banc) (exercising our discretion in the analogous 28 U.S.C. § 1292(b) context to hear an appeal “[ajfter so much time and effort has been expended by both the parties and the court as a whole”). Finally, vacating the order authorizing this appeal unnecessarily delays a merits determination of an issue of first impression. McLoba is still free to appeal the award of attorneys’ fees to. the district court which will then have to rule on the issue presented without our guidance; At that point, either party could again appeal to our court, starting this process anew and potentially causing another panel to have to dedicate time to the underlying issue. This appeal is not moot, and we should decide it.
Accordingly, I respectfully dissent.